IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEVI FOERDERER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:17-cv-429-SMY-RJD |
| T. MATHIAS, et. al, | ) |
| Defendant. | ) |

## ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff Levi Foerderer's Motion for Leave to File Amended Complaint (Doc. 15). Defendants did not file an objection. For the reasons set forth below, the Motion is **GRANTED**.

### PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff, an inmate in the custody of the Bureau of Prisons, filed this lawsuit pursuant to 42 U.S.C. §1983 alleging his constitutional rights were violated while he was incarcerated at Greenville Federal Correctional Institute. Plaintiff is currently proceeding on one claim:

> Count One: Mathias, Goodrich and Robinson failed to protect Plaintiff from violence at the hands of inmate Perkins in violation of the Eighth Amendment.

(*See* Docs. 1 and 9).

Plaintiff seeks leave to amend his complaint to include claims against the United States and Defendants under the Federal Tort Claims Act ("FTCA") for misconduct of federal agents that is considered tortious under state law. Plaintiff filed his motion to amend now before the Court on July 17, 2017. Plaintiff's motion is timely filed, as the Court deadline for Motions for Leave to Amend is October 18, 2018.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

Plaintiff's request to amend the complaint is timely and does not cause undue delay. The case is set for trial on August 26, 2019. Defendants do not object to the motion to amend and will not be unfairly surprised or prejudiced.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 15) is **GRANTED**. Plaintiff is **ORDERED** to file his proposed amended complaint as the First Amended Complaint by **January 5, 2018**.

**IT IS SO ORDERED.**

**DATED: January 3, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**