IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEVI FOERDERER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 17-cv-429-SMY-RJD |
| T. MATHIAS, et al., | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Levi Foerderer, an inmate in the custody of the Federal Bureau of Prisons ("BOP"), filed this lawsuit pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) ("*Bivens*"), alleging that his constitutional rights were violated while he was incarcerated at FCI Greenville ("Greenville"). Specifically, Plaintiff alleges the defendants failed to protect him from other inmates in violation of the Eighth Amendment. Plaintiff further alleges that the defendants' actions resulted in him sustaining injuries and being exposed to an increased risk of violence from inmates who became aware that Plaintiff previously acted as a government witness. Plaintiff filed an Amended Complaint adding claims under the Federal Tort Claims Act ("FTCA"). He is currently proceeding on the following claims:

**Count 1:** Eighth Amendment claim against Mathias, Goodrich, and Robinson for failure to protect Plaintiff from violence at the hands of inmate Perkins;

**Count 2:** FTCA claim against the United States for negligence in failing to protect Plaintiff from violence at the hands of other inmates.

**Count 3:** FTCA claim against the United States for negligence in allowing sensitive information about Plaintiff to be delivered to another inmate in August 2016.

This case is now before the Court on the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 39) filed by Defendant United States. Plaintiff filed a Response (Doc. 41). For the following reasons, Defendant's motion is **DENIED**.

## Factual Background

Foerderer filed this action on April 27, 2017, alleging that Case Manager Mathias, Counselor Goodrich, and Unit Manager Robinson allowed a known violent inmate, Michael Perkins, to be placed in his cell even after he told each of them about his prior history of being assaulted for being a government witness and about a court's finding that he needs extra protection due to his previous cooperation with the government. He alleges that Mathias, Goodrich, and Robinson were all aware of Perkins' history of violence because their positions require them to closely review the files of all inmates on their caseloads. Inmate Perkins was placed in the cell with Foerderer on or around June 3, 2016. Foerderer alleges that on August 20, 2016, he was attacked by Perkins and suffered a broken hand.

On January 5, 2018, Plaintiff filed an Amended Complaint adding a claim against the United States pursuant to the Federal Tort Claims Act ("FTCA"). In Count II, Foerderer claims that Mathias, Goodrich, and Robinson were acting within the scope of their employment with the BOP and that their failure to protect him constitutes negligence in violation of Illinois common law. In Count III, he asserts that a mailroom employee acting within the scope of his employment, negligently allowed a printout of an email containing dangerous information about Foerderer's cooperation with law enforcement into Greenville FCI sometime between August 10, 2016 and August 19, 2016.

The following relevant administrative tort claims were filed by Foerderer pursuant to BOP policy:

**TRT-02720**: Alleges Case Manager Mathias was negligent when Foerderer told her on May 18, 2016 that he was concerned for his safety and, despite language in his judgment and even though

he had been at FCI Greenville for one year, she did not put him in for a transfer. Foerderer withdrew this complaint on February 10, 2017.

**TRT-02724**: Alleges Counselor Goodrich was negligent by assigning a cellmate with a history of violence. Foerderer received a final denial of this claim on May 12, 2017.

**TRT-02725**: Alleges that Unit Manager Robinson was negligent by allowing Case Manager Mathias to keep him at a medium security facility when he had low points. Foerderer withdrew this complaint on February 10, 2017.

**TRT-03080**: Alleges mailroom staffer at FCI Greenville was negligent in August 2016 in allowing sensitive information to be delivered to another inmate, leading to Plaintiff being assaulted. Foerderer received a final denial of this claim on July 17, 2017.

**TRT-03332**: Alleges Case Manager Mathias was negligent by allowing Plaintiff to be housed in a cell with a cellmate who had a history of violence. Foerderer received a final denial of this claim on May 12, 2017.

**Unnumbered Claim**: Alleges the BOP is negligent because it does not have a policy to keep witnesses separated from violent inmates. This claim was deemed denied on September 20, 2017, six months after receipt.

After a careful review of the arguments and evidence set forth in the parties' briefs, the Court determined that an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) was not necessary.

## Legal Standards

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving

party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In determining a summary judgment motion, the district Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

### *Exhaustion Requirements under the PLRA*

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which requires an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted his remedies, the Court may either allow Plaintiff to exhaust or terminate the matter. Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006).

### *Exhaustion Requirements under the FTCA*

The FTCA, 28 U.S.C. 2671, et seq., is a limited waiver of the immunity otherwise enjoyed by the United States as a sovereign entity. *Couch v. United States,* 694 F.3d 852, 856 (7th Cir. 2012), *citing Dolan v. U.S. Postal Service,* 546 U.S. 481, 484 (2006). The FTCA

delineates procedural rules, including the requirement that a plaintiff take his claim to the appropriate federal agency before filing suit in federal court. More specifically, the FTCA provides:

> An action shall not be instituted against the United States upon a claim for money damages based on personal injury or death caused by the negligence of any Government employee acting within the scope of his employment, "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing…."

28 U.S.C. 2675(a). The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before the invocation of the judicial process. *McNeil v. United States*, 508 U.S. 106, 112 (1993).

Within the Bureau of Prisons, the injured person is required to submit Standard Form 95 to the regional office in the region where the claim occurred. 28 C.F.R. § 543.31. The regional office refers the claim to the appropriate institution or office for investigation. 28 C.F.R. § 543.32. The Regional Counsel or his or her designee reviews the investigation and the supporting evidence and renders a decision of all claims properly filed. *Id*. If the final agency action is denial of the claim, the injured party may file suit in the appropriate U.S. District Court. *Id*. If the injured party does not receive a letter proposing settlement or denying the claim within six months after the date the claim is filed, it is assumed the claim is denied and the party may proceed to file suit in the appropriate U.S. District Court. *Id*.

## **Discussion**

Defendant United States argues that Plaintiff failed to exhaust his FTCA claims prior to initiating this action because the earliest final denial of Plaintiff's administrative tort claims was May 12, 2017, and he initiated his original Complaint on April 27, 2017. The Government relies on *McNeil v. United States*, 508 U.S. 106 (1993) in arguing the action was prematurely filed. In *McNeil*, the plaintiff filed an FTCA claim in federal court before exhausting his administrative

remedies. After exhausting his remedies, the plaintiff notified the district court that his administrative claim had been denied. The district court granted the United States' motion to dismiss plaintiff's Complaint as premature due to the failure to exhaust before filing. The Supreme Court affirmed, settling a circuit split over whether a premature FTCA Complaint could survive dismissal if administrative exhaustion occurred before "substantial progress" had been made in the federal litigation. *Id.* at 110–13.

The facts in this case are easily distinguishable from *McNeil*. The FTCA's exhaustion requirement does not prevent a plaintiff from amending a previously filed federal Complaint over which there is jurisdiction to *add* an FTCA claim once he has exhausted his administrative remedies. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851 (9th Cir. 2011). Unlike the plaintiff in *McNeil*, Foerderer did not an FTCA claim prior to exhausting his administrative remedies. He filed a *Bivens* claim against three individual defendants in April 2017. Thus, he did not institute an action "upon a claim against the United States" when he first filed suit. *See* 28 U.S.C. § 2675(a). His FTCA claim against the United States was not commenced until he filed his Amended Complaint on January 5, 2018; well after he received final denials of his administrative tort claims from the BOP. Foerderer's administrative tort claims numbered TRT-02724, TRT-03080, TRT-03332, and the unnumbered claim are relevant to his claims in this case and operated to exhaust his administrative remedies prior to his filing suit against Defendant United States.

## Conclusion

For the foregoing reasons, the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 39) filed by Defendant United States is **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 30, 2018**

                                                                   **s/ Staci M. Yandle**
                                                                   **STACI M. YANDLE**
                                                                   **United States District Judge**