IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LEVI FOERDERER,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 17-CV-429-SMY-RJD |
| **T. MATHIAS, J. GOODRICH, R. ROBINSON, and USA,** | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Reona J. Daly (Doc. 57), recommending that the Motions for Summary Judgment filed by Defendants (Docs. 52 and 53) be granted. Plaintiff filed a timely objection (Doc. 58) to which Defendants responded (Doc. 59). For the following reasons, Judge Daly's Report is **ADOPTED in part and MODIFIED in part.**

## Background

Plaintiff Levi Foerderer filed an Amended Complaint pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA") alleging Defendants failed to protect him from his violent cellmate:

> **Count 1:** Eighth Amendment claim against Mathias, Goodrich, and Robinson for failure to protect Plaintiff from violence at the hands of inmate Perkins;
>
> **Count 2:** FTCA claim against the United States for negligence in failing to protect Plaintiff from violence at the hands of other inmates;
>
> **Count 3:** FTCA claim against the United States for negligence in allowing sensitive information about Plaintiff to be delivered to another inmate in August 2016.

(Docs. 24, 26, and 57). Defendant moved for summary judgment (Docs. 52 and 53). Foerderer filed

a response to both motions (Doc. 55) to which Defendants replied (Doc. 56).

Judge Daly issued a Report setting forth the applicable law and her findings (Doc. 57). She concluded that Defendants Mathias, Goodrich, and Robinson are entitled to summary judgment on Count 1 because Foerderer's claim is barred by the doctrine established in *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997). She also found Foerderer conceded that Defendant USA is entitled to judgment on the FTCA claims.

## Legal Standard

Since Plaintiff filed an objection, this Court must undertake a *de novo* review of Judge Daly's findings and recommendations. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). De novo review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id.* Consistent with these standards, the Court has reviewed Judge Daly's Report de novo.

## Factual Background

As the parties do not dispute the facts set forth in Judge Daly's Report, they are incorporated herein. The following highlighted facts are relevant to the limited objection made by Plaintiff: Foerderer was transferred to FCI Greenville on May 4, 2015. For the next year, he spoke to Defendants Mathias, Goodrich, and Robinson on multiple occasions about his general fear of being attacked because he had been a cooperating witness and had been attacked at a county jail.

On June 17, 2016, Foerderer was assigned a new cellmate, Michael Perkins. They initially got along, but a problem arose when they were issued an incident report for contraband, a tattoo

needle that belonged to Foerderer. Both Perkins and Foerderer appeared before a Disciplinary Hearing Officer ("DHO") and were found guilty of possessing contraband and sanctioned even though Foerderer admitted the needle belonged to him.

Thereafter, beginning on August 15, 2016, Foerderer sent written requests to Goodrich and Matthias to be moved. He explained that he didn't want to get hurt, that Perkins was becoming increasingly hostile, that he was a "maniac," and that Perkins told other inmates he was going to "take the cell." Within a few days Foerderer also spoke to Goodrich and told him that he was not getting along with Perkins.

On August 17, 2016, Foerderer learned from other inmates that Perkins was showing them a news article that outlined how he was a government witness. Foerderer sought advice from other inmates and his father about how to deal with this disclosure but did not speak to any defendant or staff member or seek protective custody regarding Perkins' disclosure.

On August 19, 2016, Perkins placed the article on Foerderer's bunk and confronted him about the contents. He told Foerderer that he should move from the cell or risk being "smashed" or "beat up." Foerderer did not report this threat but it caused a sleepless night.

The events of the next morning are in dispute. However, the results of those events are not in dispute. According to Foerderer, he returned to his cell on August 20, 2016 after his morning work shift and woke Perkins up by dropping the toilet seat. Foerderer then confronted Perkins telling him that he was not going to move from the cell. When Perkins came down from the top bunk, he tripped over Foerderer's leg and hit his head. Perkins then attacked Foerderer by grabbing his legs. Foerderer protected himself by punching Perkins and pushing him out of the cell. Staff were alerted about the incident two hours later and Foerderer was issued an incident report for assault with serious injury.

When Foerderer appeared before the DHO, he was found guilty, sanctioned with loss of good conduct credit, and ultimately transferred to USP Coleman.  In sanctioning Foerderer, the DHO credited Perkins' version of events: He stated that Foerderer attacked him in his sleep by striking him about the head.  When Perkins tried to get out of bed, he struck his head on something that knocked him out.  When he woke up, he was lying on the floor and Foerderer was continuing to strike him.  He then was able to get to his feet and flee from the cell wearing only his underwear.  The DHO did not credit Foerderer's statement that he acted in self-defense because his only injury was to his hand, Perkins had more serious injuries to his head, he later laughed about Perkins falling out of his bed, and it was unlikely that an inmate would start a fight wearing only his underwear.  The DHO also noted that Foerderer did not report to staff that Perkins was spreading information about his cooperating witness status and instead elected to "take matters into [his] own hands."

## Discussion

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005).  The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is filed, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745

(7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). When deciding a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). Summary judgment will be denied where a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248; *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir.1995).

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a plaintiff cannot seek "damages in a § 1983 suit … [if] a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence [.]" 512 U.S. at 487. Prisoners challenging their conviction or duration of confinement may bring a habeas corpus action, but "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments[.]" *Id*. at 486. *Heck* also applies to situations where the plaintiff has been subject to the revocation of prison good time credits. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). In order to determine whether the *Heck* rule applies, the Court must compare the factual basis of this lawsuit with the essential facts that supported the disciplinary action. *Viramontes v. City of Chicago*¸840 F.3d 423, 428 (7th Cir. 2016). If the facts are inconsistent, the lawsuit must be dismissed without prejudice.

To support his failure to protect claim, Foerderer must establish that he was assaulted by Perkins. *Babcock v. White*, 102 F.3d 267, 270 (7th Cir. 1996). Essential facts found by the DHO were that Foerderer attacked Perkins while he was sleeping and continued to assault him until Perkins fled from the cell in his underwear. The DHO also that Foerderer was not acting in self-defense. These findings are inconsistent with Foerderer's contention that "he struck the first blow because he was in fear for his safety as Perkins lunged towards him." Contrary to Foerderer's arguments, the relevant inquiry is not whether he was found guilty of assault, but rather what facts

were relevant to that finding. The DHO found that Foerderer – not Perkins – was the aggressor, which directly contradicts Foerderer's claim before this Court that Perkins initiated the attack. *See Moore v. Mahone*, 652 F.3d 722 (7th Cir. 2011). As such, *Heck* bars Foerderer's failure to protect claim.

In her Report, Judge Daly recommends that judgment be granted in favor of Defendants and against Plaintiff on all Counts. While Foerderer concedes that judgment should be entered on the FTCA claims (Counts 2 and 3), a claim that is barred by *Heck* (Count 1) can only be dismissed without prejudice because the claim has not accrued. *See Morgan v. Schott*, 914 F.3d 1115, 1117 (7th Cir. 2019).

## Conclusion

For the foregoing reasons, Judge Daly's Report and Recommendation is **ADOPTED in part and MODIFIED in part.** Defendant USA's Motion for Summary Judgment is **GRANTED** (Doc. 52) and Defendants Mathias, Goodrich, and Robinson's Motion for Summary Judgment is **GRANTED in part** (Doc. 53). Plaintiff's claim against Mathias, Goodrich, and Robinson is **DISMISSED without prejudice**. Judgment is **GRANTED** in favor of Defendant USA and against Plaintiff. The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close this matter.

**IT IS SO ORDERED.**

**DATED: September 11, 2019**

**STACI M. YANDLE**
**United States District Judge**