IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEVI FOERDERER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 17-CV-429-SMY ) |
| T. MATHIAS, J. GOODRICH, R. ROBINSON, and USA, | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Levi Foerderer filed an Amended Complaint pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), alleging Defendants failed to protect him from his violent cellmate, Inmate Perkins. Summary judgment was granted in favor of Defendants on the FTCA claims (Counts 2 and 3) and the *Bivens* claim (Count 1) was dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) (Doc. 63). Judgment was subsequently entered on September 11, 2019.

Now pending before the Court is Defendants' Bill of Costs (Doc. 65) and Plaintiff's Objections to Bill of Costs (Doc. 67); Plaintiff's Motion to Reconsider (Doc. 68); and Plaintiff's Motion to Waive Costs (Doc. 70). For the following reasons, Defendants' Bill of Costs is **DENIED**, Plaintiff's Motion to Reconsider is **DENIED**, and Plaintiff's Motion to Waive Costs is **DENIED as MOOT**.

## Bill of Costs (Doc. 65) and Plaintiff's Motion to Waive Costs (Doc. 70)

Defendants seek costs in the amount of $888.20 for the transcript of Plaintiff's deposition which was attached to their Motion for Summary Judgment (Docs. 65)[1]. Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Ordinarily the Clerk of Court taxes costs in favor of the prevailing party on 14 days' notice. Fed. R. Civ. P. 54(d)(1). Those costs may include:

> (1) Fees of the clerk and marshal; (2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Court presumes that a prevailing party is entitled to costs as a matter of course but has the discretion to deny or reduce costs where warranted – including the indigency of the non-prevailing party. *Krocka v. City of Chicago*, 203 F.3d 507, 518 (7th Cir. 2000); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

To deny a bill of costs on the grounds of indigency, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Rivera v. City of Chi.*, 469 F.3d 631, 635 (7th Cir. 2006) (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). The losing party carries the burden of providing the court with "sufficient documentation to support such a finding." *Rivera*, 469 F.3d at 635 (internal quotations omitted). "This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of

---

[1] Defendants submitted an itemized invoice for the transcript with their Response to Plaintiff's Objection to the Bill of Costs (Doc. 69).

expenses." *Id*. After a threshold finding of indigence, the district court then considers "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case." *Id.* at 635-36.

Plaintiff filed a Motion to Proceed *In Forma Pauperis* in this case on April 27, 2017 (Doc. 2), which this Court granted on May 17, 2017 (Doc. 6). Given Plaintiff's ongoing incarceration, there is no reasonable basis to conclude that his financial condition has changed in any meaningful way in the last two-and-a-half years. Additionally, Plaintiff submitted a Declaration with his motion seeking the waiver of costs, averring that he received $351.51 in the six months prior to October 2019 and owes $36,000 in back child support. Based upon this information and documentation, the Court is persuaded that Plaintiff is indeed indigent and incapable of paying the requested costs now or in the future.

Finally, although Plaintiff was unsuccessful, his claims against Defendants were not frivolous; he had a good faith basis for bringing and prosecuting his lawsuit. Accordingly, Defendant's Bill of Costs (Doc. 65) is **DENIED**. As a result, Plaintiff's Motion for Waiver of Costs (Doc. 70) is **DENIED as MOOT**.

### Motion to Reconsider (Doc. 68)

A motion filed after judgment has been entered can be analyzed either under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Where a substantive motion is filed within twenty-eight (28) days of entry of judgment or order, the Court will generally construe it as a motion pursuant to Rule 59(e); later motions will be construed pursuant to Rule 60(b). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Here, Plaintiff's motion was filed within 28 days of the entry of the September 11, 2019 Judgment. Therefore, the Court will analyze it consistent with the standards set forth in Rule 59(e).

Under Rule 59(e), the Court may alter or amend its judgment if the movant "clearly establish[es] (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.,* 698 F.3d 587, 598 (7th Cir. 2012) (quoting *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006)). Relief pursuant to Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). "Manifest error" is not demonstrated merely by the disappointment of the losing party. *Sedrak v. Callahan,* 987 F.Supp. 1063, 1069 (N.D. Ill. 1997).

In support of his Motion, Plaintiff merely repeats the argument he raised in response to the Motion for Summary Judgment (Doc. 55) and in his objection to Magistrate Judge Reona J. Daly's Report and Recommendation (Doc. 58): that his *Bivens* claim is not barred by *Heck* because resolution of that claim would not imply the invalidity of a disciplinary hearing that found him guilty of assaulting Perkins. But as the Court previously noted (*See* Doc. 71), Plaintiff's reliance on *Antoine v. Ramos*, 497 Fed. Appx. 631 (7th Cir. 2012), *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011), and *Moore v. Mahone*, 652 F.3d 722 (7th Cir. 2011) is misplaced. In *Antoine*, the inmate did not lose good conduct credit therefore *Heck* did not apply to his claims. *Antione*, 497 Fed. Appx. at 634. *Jones* was a 28 U.S.C. § 2241 *habeas corpus* action; therefore, *Heck* would not apply to that case. *Jones*, 637 F.3d at 842. Finally, *Moore* involved an excessive force claim that would not necessarily be barred if the inmate also assaulted a correctional officer in the same altercation – the two claims are not mutually exclusive and a finding for the inmate would not necessarily invalidate disciplinary findings on the assault. Conversely, in this case, a finding that the defendants failed to protect Plaintiff from Perkins necessarily would contradict the DHO's finding that Plaintiff attacked Perkins. As such, *Moore* does not apply to this case.

Plaintiff fails to identify any newly-discovered evidence or a manifest error of law or fact committed by the Court. Accordingly, the Motion to Reconsider is denied.

**IT IS SO ORDERED.**

**DATED: January 21, 2020**

**STACI M. YANDLE
United States District Judge**